**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE  DIVISION**

| | | |
|---|---|---|
| **JERRY LEE PHILLIPS,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:20CV00496 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **ROANOKE CITY JAIL,** | ) | By:  James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Jerry Lee Phillips, Pro Se Plaintiff.*

The plaintiff, Jerry Lee Phillips, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983.  Phillips's Complaint alleges that "[w]hile handcuffed from behind [he] was gropped [sic] by a deputy thus being sexually assaulted which should be on the jail camera footage."  Compl. 2, ECF No. 1.  As relief in this lawsuit, Phillips seeks "[f]or the deputy to be held accountable for his actions."  *Id.*  After review of the Complaint, I conclude that this action must be summarily dismissed.

Under 42 U.S.C. § 1997e(c)(1), the court may dismiss any § 1983 action "with respect to prison conditions . . . if the court is satisfied that the action is frivolous, malicious, [or] fails to state a claim upon which relief can be granted."  Section 1983 permits an aggrieved party to file a civil action against a *person* for actions taken under color of state law that violated his constitutional rights.  *Cooper v. Sheehan*,

735 F.3d 153, 158 (4th Cir. 2013). A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Phillips names only one defendant in this case: the "Roanoke City Jail." Compl. 1, ECF No. 1. A local jail or office building, however, cannot qualify as a *person* subject to being sued under § 1983. *See, e.g., Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (finding that under § 1983, "liability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff['s] rights") (internal quotation marks, alterations, and citation omitted); *McCoy v. Chesapeake Corr. Ctr.*, 788 F. Supp. 890, 894 (E.D. Va. 1992) ("[T]he jail is not a person under § 1983" and thus "lacks the capacity to be sued as a jail."

Because Phillips's § 1983 claims cannot proceed against the only defendant he has named, I will summarily dismiss the action without prejudice under 42 U.S.C. § 1997e(c)(1) for failure to state a claim.

An appropriate order will enter this day. Such a dismissal leaves Phillips free to refile his claims in a new and separate civil action if he can correct the deficiencies described in this opinion.[1]

---

[1] The possibility of amending and resubmitting the claims in a new and separate civil action should not be taken as a finding that Phillips's allegations might state a viable

DATED:   November 12, 2020

/s/  JAMES P. JONES
United States District Judge

---

§ 1983 claim against some person employed at the jail.   The Eighth Amendment prohibition against cruel and unusual punishment "protects inmates from inhumane treatment and conditions while imprisoned." *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996).   However, not every allegation of sexual abuse is objectively, sufficiently serious for Eighth Amendment purposes. *See Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) ("[N]ot 'every malevolent touch by a prison guard gives rise to a federal cause of action.'") (quoting *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)); *Boddie v. Schnieder*, 105 F.3d 857, 861 (2nd Cir. 1997) (holding that "small number of incidents in which [inmate] allegedly was verbally harassed, touched, and pressed against without his consent" were "despicable," if true, but did "not involve a harm of federal constitutional proportions as defined by the Supreme Court.") (citations omitted).   Phillips is also advised that he cannot use a § 1983 action to compel law enforcement authorities to pursue any criminal charge against the deputy for his alleged actions, as he apparently requests. *See Diamond v. Charles*, 476 U.S. 54, 64–65 (1986) (holding private citizen has no constitutional right to, or any judicially cognizable interest in, the prosecution or non-prosecution of another person and applying other cases).